UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER J. MILLETT,

                Plaintiff,

-against-

NANCY A. BERRYHILL,
Commissioner of Social Security,

                Defendant.

**ORDER**

17 Civ. 7295 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

           Plaintiff Walter J. Millett filed this action on September 25, 2017, pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. (Dkt. No. 1) On October 3, 2017, this action was referred to Magistrate Judge Henry B. Pitman for a Report and Recommendation ("R&R"). (Dkt. No. 8) On March 29, 2018, Plaintiff filed a motion for judgment on the pleadings. (Dkt .No. 15) On June 1, 2018, Defendant filed a cross-motion for judgment on the pleadings. (Dkt. No. 17)

           On January 11, 2019, Judge Pitman issued an R&R recommending that this Court remand the matter to the Commissioner for further proceedings. (R&R (Dkt. No. 20) at 80)[1] The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and that a "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW." (Id. at 81

---

[1] The page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

(emphasis in original)); see also 28 U.S.C. § 636(b)(1) ("[w]ithin fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). No objections to the R&R have been filed by either side.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" issued by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). "The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous." Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Inv'r Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). Because no objections have been filed, this Court will review the R&R for clear error.

Having conducted a review of the 82-page R&R, the Court finds that the R&R is not clearly erroneous and, in fact, is thorough, well-reasoned, and in conformity with the law.

Judge Pitman recommends that the case be remanded to the Commissioner because, at step three of the five-part disability analysis – in which the ALJ must determine whether any of plaintiff's impairments meet one of the listings in Appendix 1 of the regulations – "[t]he ALJ provided no explanation . . . as to why plaintiff did not meet Section 1.04[, one of the listings in Appendix 1,] and did not discuss any specific medical evidence in the record." (R&R (Dkt. No. 20) at 65) "[R]emand is appropriate where there is insufficient uncontradicted evidence in the record to support the ALJ's step three conclusion" and the ALJ has not provided

2

a rationale for why plaintiff did not meet a listing. Perozzi v. Berryhill, 287 F. Supp. 3d 471, 483-84 (S.D.N.Y. 2018) (citing Ryan v. Astrue, 5 F. Supp. 3d 493, 507-08 (S.D.N.Y. 2014)). Where there is "evidence that plaintiff's impairments meet each of the requirements for listing 1.04A, the ALJ must provide an explanation of his reasoning as to why he believes the requirements are not met and explain the credibility determinations and inferences he drew in reaching that conclusion." Ryan v. Astrue, 5 F. Supp. 3d at 509.

Here, Judge Pitman finds that the ALJ did not provide adequate reasoning and a rationale for why Plaintiff's impairment does not meet the requirements for listing 1.04A. (R&R (Dkt. No. 20) at 70) In concluding that Plaintiff's impairment does not meet these requirements, the ALJ states:

> There is no evidence of nerve root impingement characterized by neuro-anatomic distribution of pain with corresponding loss of sensory or reflex loss. There is no evidence of spinal arachnoiditis or spinal stenosis resulting in pseudoclaudication consistently throughout the period of review. Thus, there is insufficient evidence [this Listing was] met or medically equaled.

(A.R.[2] 22-23) The ALJ provides no further reasoning and does not discuss relevant medical evidence in the record.

In his detailed R&R, Judge Pitman notes that there is evidence that Plaintiff's symptoms match those set forth in Section 1.04(A). For example, nine of seventeen treating physicians diagnosed Plaintiff with radiculopathy or suspected nerve root impingement or inflammation (A.R. 345, 414, 416, 419, 426, 462-63, 601-02, 637, 669, 679-80, 683), and numerous diagnostic tests indicate that Plaintiff has nerve root compression (A.R. 416, 419, 469-71, 479, 679-80, 686, 688). There is also evidence of (1) movement restriction in Plaintiff's

---

[2] "A.R." refers to the administrative record that the Commissioner filed, pursuant to 42 U.S.C. § 405(g) (see SSA Administrative Record dated Oct. 30, 2017 (Dkt. No. 11)).

3

cervical and lumbar spine (A.R. 377, 380, 390, 409, 440, 475, 518, 533, 584, 599, 669, 673, 679, 695, 710); (2) motor loss secondary to nerve root compression (A.R. 377, 379, 440, 441, 461, 466, 485, 518, 524, 531, 547, 584, 587, 641, 673, 675, 677, 679, 703), and (3) reflex and sensory loss (A.R. 377, 379, 380, 390, 393, 536, 584, 633, 642, 673, 677, 679, 703). Judge Pitman notes that the "ALJ did not explain his reasons for not crediting these opinions and diagnostic tests, nor did he explain why they were insufficient to establish evidence of nerve root compression." (R&R (Dkt. No. 20) at 67-68) Judge Pitman concludes that "this is not a case where the evidence in the record is so uncontradicted or overwhelming as to 'relieve the ALJ of his obligation to discuss the potential applicability of Listing 1.04(A), or at the very least, to provide plaintiff with an explanation of his reasoning as to why plaintiff's impairments did not meet [the listing].'" (R&R (Dkt. No. 20) at 70 (alteration in original) (citing Norman v. Astrue, 912 F. Supp. 2d 33, 81 (S.D.N.Y. 2012) (adopting Report and Recommendation))) This Court agrees with Judge Pitman's analysis and recommendation. Accordingly, a remand is required.

Judge Pitman further finds that, at step three of the five-part disability analysis, the ALJ did not adequately explain why he gave "less than controlling weight to [a treating physician's] opinion regarding plaintiff's physical limitations[,] as is ordinarily required by the treating physician rule." (Id.) "That rule mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

> An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion[,] [including] (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other

4

> factors brought to the Social Security Administration's attention that tend to
> support or contradict the opinion.

Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (alteration in original) (quoting Halloran, 362 F.3d at 33). The regulations require that the ALJ "'always give good reasons in [his] notice of determination or decision for the weight [] give[n]'" to the treating physician's opinion, Halloran, 362 F.3d at 32 (quoting 20 C.F.R. § 404.1526(d)(2)), and "[c]ourts have 'not hesitate[d] to remand [cases] when the [ALJ] has not provided "good reasons" for the weight given to a treating physician['s] opinion.'" Pena ex rel. E.R. v. Astrue, No. 11 Civ. 1787 (KAM), 2013 WL 1210932, at *15 (E.D.N.Y. Mar. 25, 2013) (second and third alternations in original) (quoting Halloran, 362 F.3d at 33); see also Burgess, 537 F.3d at 130 (remanding where ALJ did not provide adequate explanation for his failure to credit treating physician's opinion).

Here, Judge Pitman concludes that the ALJ "violated the treating physician rule because he did not set forth good reasons for rejecting the opinions of [Plaintiff's treating physician]." (R&R (Dkt. No. 20) at 79) Judge Pitman further finds "that this error was not harmless because it would have changed plaintiff's [residual functional capacity ("RFC")]." (Id.) The ALJ's "conclusion that plaintiff had the RFC to perform [the] full range of sedentary work is not supported by substantial evidence[,] because it does not take into account the functional limitations found by [the treating physician]" and two other "consultative orthopedists who were the only other physicians to provide a function-by-function analysis of plaintiff's work capabilities." (Id. at 74, 80)

5

The Court agrees with Judge Pitman's analysis and recommendations.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's Report and Recommendation is adopted in its entirety. The case is remanded, and the Clerk of Court is directed to close this case.

Dated: New York, New York
April 25, 2019

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge